UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| DEREKE A. SILVERS | ) | |
| | ) | |
| v. | ) | 1:09-cv-9 |
| | ) | *Edgar/Carter* |
| WARDEN D. DREW | ) | |

**MEMORANDUM**

Dereke A. Silvers ("Silvers") has filed an application for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241 (Court File No. 1). Silvers is currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. Without providing any detailed factual support, Silvers contends he was deprived of his good time credits without notice.[1] Silvers has paid the $5.00 filing fee.

Silvers has brought this § 2241 petition in the district wherein he was prosecuted rather than in the district wherein the restraint complained of is had. Claims attacking the execution of a sentence under § 2241 must be brought in the district where the defendant is confined. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *In re Hanserd*, 123 F.3d 922, 925 n. 2 (6th Cir.1997); *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir.1977). Petitioner has erroneously filed this § 2241 petition in the Eastern District of Tennessee.

---

[1] Silvers fails to identify the person he claims denied him of these credits or when he was denied these credits. Silvers' application is vague and factually unsupported. The Court's research reveals Silvers previously initiated a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging the unconstitutional loss of his good time credits. That habeas petition was denied. *Silvers v. Brooks*, Civil Action Number 2:04-cv-409 (E.D. Virginia, Nov. 4, 2004), *aff'd* 139 Fed.Appx. 573, 2005 WL 1750440 (4th Cir. July 26, 2005).

1

This Court lacks jurisdiction to adjudicate this § 2241 petition because habeas corpus power of federal courts over prisoners in federal custody is limited, pursuant to 28 U.S.C. § 2241, to those district courts within whose territorial jurisdiction the custodian is located. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973); *Wright v. United States Board of Parole,* 557 F.2d at 77.

Silvers is incarcerated at the Federal Correctional Institution in Bennetsville, South Carolina. Claims attacking the execution of the sentence must be brought under § 2241 in the district in which the petitioner is incarcerated. *In re Hanserd,* 123 F.3d 922, 925 n.2 (6th Cir. 1997); *Wright v. United States Board of Parole,* 557 F.2d 74, 77 (6th Cir. 1977).

A § 2241 habeas corpus petition is required to be filed in the federal district court having jurisdiction over the custodian. *Hanserd* at 925 n.2; *Sanchez v. Federal Bureau of Prisons,* 966 F.2d 1454 (Table, text at 1992 WL 133033, at n. *1 (6th Cir. June 12, 1992)). This Court does not have jurisdiction to grant Silvers relief because his petition was filed while he was incarcerated in South Carolina. Neither Silvers nor his custodian are located within the Eastern District of Tennessee and are, therefore, outside the territorial jurisdiction of this Court. Therefore, this Court does not have jurisdiction over Silvers' § 2241 petition. Accordingly, Silvers' § 2241 petition will be **DISMISSED**.

An appropriate judgment order will enter.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE